**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-4869-JFW(PVCx)** | Date: August 25, 2022 |

Title: Khaled Hawary -*v*- State Farm Mutual Automobile Insurance Company

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 8/1/22; Docket No. 18]**

On August 1, 2022, Plaintiff Khalid Hawary ("Plaintiff") filed a Motion to Remand ("Motion"). On August 8, 2022, Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed its Opposition.  On August 13, 2022, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 29, 2022 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On June 23, 2022, Plaintiff filed a Complaint in Los Angeles Superior Court ("LASC") against Defendant, alleging causes of action for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) failure to properly investigate; (4) concealment; and (5) intentional misrepresentation.  In the Complaint, Plaintiff alleges that in June 2020 he filed a claim with Defendant, his insurer, for comprehensive coverage benefits in the amount of $79,629.88 arising out of vandalism[1] to his leased 2018 Mercedes Benz S450 (the "Vehicle"), and that Defendant improperly denied his claim.  In response, Plaintiff alleges that Defendant offered to pay, and did pay, Plaintiff $2,748.73 for the damage to his Vehicle, based on Defendant's determination that the total damage to Plaintiff's Vehicle was $4,748.73, less Plaintiff's $2,000 deductible.  Plaintiff alleges that "[a]s a result of [Defendant's] denial of the Claim, [Plaintiff] has incurred significant storage fees and repairs [*sic*] costs, as well as, a loss of use of the Subject

---

[1] According to Plaintiff, the damage from the vandalism included, but was not limited to, a shattered sunroof, lacerations to the seats, and damage to the ventilation system.

Vehicle" and injury to his credit score.  Complaint, ¶¶ 27-28.  Plaintiff also seeks punitive damages and attorneys' fees.

On July 15, 2022, Defendant filed a Notice of Removal, and removed this action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a).  On August 1, 2022, the parties met and conferred regarding Plaintiff's Motion.  During that meeting, Defendant proposed that Plaintiff stipulate to limit any recovery in this action to $75,000 in exchange for Defendant's agreement to remand this action to LASC.  Plaintiff refused.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that: (1) all plaintiffs be of different citizenship than all defendants; and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).

## III.    Discussion

In his Motion, Plaintiff argues that Defendant has failed to establish that diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) exists because Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.  Plaintiff also argues that the parties are not diverse because a bad faith action by an insured against an insurer under provisions of a liability policy constitutes a "direct action" and, as a result, the insurer must be considered a citizen of the state of which the insured is a citizen for diversity purposes.  In its Opposition, Defendant argues that it is apparent from the face of Plaintiffs' Complaint that the amount in controversy exceeds $75,000 and there is no dispute that the parties are diverse.

### A.     The Parties Are Diverse

In this case, it is undisputed that Plaintiff is a citizen of California.  *See* Motion, 7:21-23.  In addition, it is undisputed that Defendant, as a corporation incorporated under the laws of Illinois with its principal place of business in Illinois, is a citizen of Illinois. However, Plaintiff argues that this action is a "direct action" as described in Section 1332(c)(1) and, as a result, Defendant's citizenship for diversity purposes is determined by Plaintiff's citizenship.  *Id.* ("[T]here is no diversity of citizenship under Section 1332(c)(1) because Plaintiff and Defendant are both citizens of the State of California since Plaintiff is a citizen of California").  Section 1332(c)(1) provides that:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of –
>
> (A)  every State and foreign state of which the insured is a citizen;
>
> (B)  every State and foreign state by which the insurer has been incorporated; and
>
> (C)  the State or foreign state where the insurer has its principal place of business[.]

In *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 728-29 (1993), the Ninth Circuit reiterated its holding that the "direct action" limitation under Section 1332(c)(1) applies only to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him."  In *Searles*, the Ninth Circuit explained that "'unless the cause of action urged against the insurance company is of such nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.'" *Id.*, at 729 (*quoting Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 901-02 (9th Cir. 1982)).  Thus, the interpretation of the "direct action" exception in Section 1332(c)(1) in *Searles* and *Beckham* makes clear that in an action brought by an injured or damaged party is not a "direct action" unless the action brought against the insurer could have been brought against the party who is legally responsible for the injury or damage.  *See Beckham*, 691 F.2d at 901–902; *Searles*, 998 F.2d at 730.

     In this case, Plaintiff alleges breach of contract and bad faith claims against his own insurer. Those claims (and, thus, this action) could not have been brought against the party who is legally responsible for the damage to Plaintiff's Vehicle.  As a result, this action is not a direct action and the rule set forth in Section 1332(c)(1) for determining citizenship of insurance companies in direct actions does not apply.  It is undisputed that Plaintiff is a citizen of California and Defendant is a citizen of Illinois.  Therefore, the Court concludes that complete diversity exists between the parties and Section 1332(c)(1) does not compel a different result.

     **B.**    **The Amount in Controversy Exceeds $75,000**

     In determining the amount in controversy, courts first look to the allegations in the complaint.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  However, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," courts apply a preponderance of the evidence standard, which requires the defendant to provide evidence showing that it is more likely than not that the $75,000.00 amount in controversy is met.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (*citing Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (*quoting Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

The Court concludes that the fact that the amount in controversy exceeds $75,000 is apparent from the fact of the Complaint.  In the Complaint, Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees.  Plaintiff also alleges "that the initial appraisal [of] estimated repairs [by King Motorsport was] in excess of $49,808.95" and "that the supplemental appraisal [regarding additional damages and repairs necessary to restore the Vehicle] amounted to in excess of $29,820.93," which resulted in a total estimate for repairs of $79,629.88.  Complaint, ¶¶ 15, 17, and 18.  In addition, Plaintiff alleges that a second appraisal of the damage to his Vehicle by Santa Clarita Appraisers "were similar, if not the same, as the estimates made by King Motorsport."  *Id*., at ¶ 25.  Plaintiff also alleges that Defendant "determined that the total damage was $4,748.73, and issued a check to [Plaintiff] in the amount of $2,748.73, less the $2,000 deductible."  *Id.*, at  ¶ 16.  Thus, pursuant to the allegations of the Complaint, Defendant failed to provide coverage for repairs in the amount of $74,881.15 (79,629.88 - $2,000 deductible - $2,748.73 paid by Defendant).  Indeed, in his Motion, Plaintiff argues that "at the time the [C]omplaint was filed," the estimated damages for repairs to his Vehicle were "$74,891.26."  Motion, 6:14-15.  Although Plaintiff argues that his estimated damages for repairs to his Vehicle of $74,881.15 is less than the $75,000 amount-in-controversy requirement, Plaintiff ignores the fact that he is also seeking punitive damages, attorneys' fees, as well as damages for storage of his Vehicle, the loss of use of his Vehicle, and injury to his credit score.  However, common sense and the realities of litigation dictate that Plaintiff's attorneys' fees (along with any other compensatory or punitive damages awarded to Plaintiff) will exceed the $118.85 difference between the damages alleged by Plaintiff in the Complaint ($74,881.15) and the $75,000 jurisdictional minimum.  *See Arakji v. Microchip Technology, Inc.*, 2019 WL 5386239 (N.D. Cal. Oct. 22, 2019) ("In less than a month, the value of employment at Microchip, even at minimum wage, will exceed the $1,000.01 differential between the 'inconvenience damages' asserted in Plaintiff's Statement of Damages and the jurisdictional minimum.  The Court is satisfied that it is shown, by a preponderance of evidence, that the amount in controversy exceeds $75,000"); *Levy v. Salcor, Inc.*, 2014 WL 775443 (W.D. Wash. Feb. 25, 2014) (holding that "courts still use common sense" in determining removability); *Jellinek v. Advance Products & Systems, Inc.*, 2010 WL 3385998 (S.D. Cal. Aug. 24, 2010) (holding that "in light of litigation realities" it was facially apparent from the Complaint that the amount in controversy would likely exceeded the $75,000 amount in controversy requirement); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010) (holding that a district does not have to "suspend reality or shelve common sense in determining whether the fact of a complaint, or other document, establishes the jurisdictional amount").  Accordingly, the Court concludes that it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.

IV.     **Conclusion**

For all the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.